**Richard C. HOLLINGER, Appellant,**

v.

**Gary Francis HUCK, Respondent.**

**No. 55182.**

Supreme Court of Missouri,
Division No. 2.

June 28, 1971.

Claude W. McElwee, Jr., Philip S. Alexander, St. Louis, William S. Rader, Cape Girardeau, for appellant.

David L. Colson, Farmington, for respondent.

PRITCHARD, Commissioner.

A jury returned a verdict for respondent on appellant's $50,000 claim for personal injuries resulting from a rear-end collision. The judgment must be reversed and the case remanded for new trial because of error in submitting Instruction No. 3 on appellant's contributory negligence in suddenly stopping his automobile for the reason that there was no evidence to support the submission of a sudden stop.

On August 19, 1963, appellant was on his way to Chicago and was driving his Volkswagen automobile north on Lindbergh Boulevard in St. Louis, Missouri. He had stopped for some gasoline, then continued north in the right-hand lane of that street, which had four lanes for traffic, two northbound and two southbound, and the pavement was dry. At the beginning of a hill he saw a sign on the side of the road which read, "By-Pass Traffic Left Lane." After looking in his rear and side-view mirrors appellant changed to the left lane and continued up the hill. At its crest he saw a stop light some 300 to 400 feet ahead of him and there were cars stopped ahead in both lanes, there being more cars in the right lane. There was also some traffic moving ahead of appellant in his lane so he decelerated and shifted the Volkswagen to third gear, slowing down. When he was a couple of car lengths from the car next in front of him the rear of the Volkswagen was struck by the automobile driven by respondent. The Volkswagen was knocked into the rear of the car ahead causing the injuries for which appellant sued.

Respondent's version of the facts was that about 9:30 a. m. he was traveling north on Lindbergh on the inside or center lane. He came up over a hill and was approaching a stop light 300 or 400 feet ahead when appellant started to pass him on the right. Appellant then drove around respondent and swerved to his lane about 100 to 200 feet from the stop light. "Q. And, after he got up ahead of your car, what did he do? A. Well, he came almost to an immediate halt in front of me. Q. How far was his car ahead of yours at the time he came to an immediate halt in

front of you? A. Oh, I'd say, maybe, five to ten feet. Q. And, do you know what your speed was at that time A. I was doing around twenty-five or thirty. Q. Did Mr. Hollinger give you any signal, either by hand signal or with a light signal? A. I don't recall no signal. Q. What, if anything, did you do when you saw his car stopping in front of you? A. I hit my brakes. Q. What happened after that? A. I slid into him." On cross-examination appellant testified: "Q. What did you notice about his vehicle after he passed you? A. I noticed him pulling in front of me. Q. Then, what did you notice? A. I noticed all the cars stopping, so, I had to stop. Q. You noticed all the cars stopping? Did that include Mr. Hollinger's car stopping? A. Yes. Q. How did you notice it was stopping? A. I could see it slowing down. Q. But, you say you could not see any brake lights? A. I saw no brake lights. * * * Q. How fast were you going at the time when your car hit Mr. Hollinger's car? A. Twenty or twenty-five. Q. How far was Mr. Hollinger's car from the stop sign at the time when you stopped? A. I'd say about a hundred feet. Q. Was Mr. Hollinger's car stopped or moving at the time your vehicle hit it? A. It was moving. Q. But, it was in the act of stopping? A. Yes."

Instruction No. 3 is:

"Your verdict must be for Defendant, Gary Francis Huck, on Plaintiff's claim for damages whether or not Defendant, Gary Francis Huck, was negligent, if you believe:

First, Plaintiff, Richard Hollinger, suddenly stopped his automobile on the highway without first giving an adequate and timely warning of his intention to stop, and

Second, Plaintiff, Richard Hollinger, was thereby negligent, and

Third, such negligence of Plaintiff, Richard Hollinger, directly caused or directly contributed to cause any damage Plaintiff, Richard Hollinger, may have sustained."

Stopping suddenly is certainly not the same act as slowing suddenly. A "stop" is defined as a "cessation of motion, operation, progress, function, or the like." To "slow" is to "render slow; to slacken the speed of; also to retard; delay;—often with *up* or *down*; as, to *slow* up one's speed; to *slow* down a train." Webster's New International Dictionary, Second Edition. There was no evidence that appellant stopped his Volkswagen. All the evidence is that he was merely slowing, and was still moving at the time of the collision. The prejudicial effect of the submission of suddenly stopping without evidence to support it lies in the fact that the jury was authorized to base its verdict upon that act which could have been deemed to have more readily contributed to cause the collision than a sudden slowing in that respondent would have had less opportunity to avoid an impact. Boland v. Jando, Mo., 414 S.W.2d 560, 562 is to be distinguished in that defendant's evidence was that plaintiff suddenly and without warning *slowed his car to a stop*. It was contended that the submitted sudden slowing of the automobile was not the negligence pleaded (sudden and abrupt stop). In terms of the evidence the submission was supported, and the court correctly held that a sudden stop is usually preceded by a sudden slowing. Here, as stated, there was no evidence that appellant came to a stop preceded by a sudden slowing. Instruction No. 3 is erroneous for that reason. Brassfield v. Sears, Mo., 421 S.W.2d 321, 323 [1, 2]; Knollman v. Kennedy, Mo.App., 429 S.W.2d 775, 778 [1, 2].

The judgment is reversed and the case remanded for new trial.

BARRETT, C., concurs.

STOCKARD, C., not sitting.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alternate Judge, concur.

FINCH, J., not sitting.